

FILED

JAN 3 2005

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re LARRY BJURLIN,<br><br>          Debtor. | In Chapter 11 proceedings<br><br>Case No. 05-06793-PHX-CGC<br><br>UNDER ADVISEMENT DECISION<br>RE: FIRST FEE APPLICATION<br>OF HEBERT SCHENK P.C. |

On November 15, 2005, the Court heard argument on the First Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Hebert Schenk P.C. for Services Rendered and Expenses Incurred on Behalf of Debtor. At that time, the Court approved Hebert Schenk's fee application on the issue of whether the fees sought were reasonable under 11 U.S.C. section 329. The Court explicitly noted that it was not an award allowing any fees incurred post-appointment of the Chapter 11 Trustee to be paid from the Estate as an administrative expense where counsel was not employed by the Trustee.

Further briefing was ordered to address the last remaining issue -- whether Debtor's counsel could be paid its fees from its lien on Debtor's corvette granted prepetition and the $5,000 retainer paid by Debtor prepetition. Debtor's estranged wife, Serena Bjurlin, herself a debtor in a separate bankruptcy case filed in October, 2005, objects on the ground that she had and continues to have a community property interest in both the corvette and the $5,000I. On this issue, the Court requested further briefing. That having now been done, the issue is ripe for determination.

Serena Bjurlin objects to counsel being paid its fees at this point in time from either the $5,000 retainer or the lien on the corvette. Instead, she urges the Court to wait until the divorce and the bankruptcy matters are resolved. She contends that the divorce was filed well before

Debtor paid the $5,000 retainer or granted counsel the lien in the corvette. Divorce proceedings began May 10, 2004, and Debtor filed for bankruptcy on April 20, 2005. The filing of the divorce proceeding, therefore, created an injunction against both husband and wife from encumbering the community or disposing of community assets. *See* Arizona Revised Statute ("A.R.S.") sections 25-214 and 25-215. Without her consent or an order of the state court, Debtor could not grant counsel a lien in their community property or give counsel the $5,000 retainer. She further argues that it appears the corvette may have in fact been purchased using assets of one of their corporations and, therefore, not community funds such that the corvette may properly belong to one of those bankruptcy estates.

Counsel responds that Serena Bjurlin's argument in no way addresses the $5,000 check it received as a retainer. According to counsel, the filing of dissolution proceedings does not prevent the normal, good faith payment of bills that may necessarily arise during the course of the divorce proceedings. A.R.S. section 25-315.A.1. For the same reason, granting counsel a lien in the car was no more than what he was allowed to do as related to the "the usual course of business, the necessities of life or court fees and reasonable attorneys fees associated with an action under this title, without consent of the parties or the permission of the court." In addition, at the time Debtor granted counsel the lien, the car was titled solely in Debtor's name.

The Court finds that Hebert Schenk is incorrect in its interpretation of Arizona law. No one disputes that at the time Debtor paid counsel the $5,000 retainer and granted counsel a lien in the corvette, there was an injunction in effect by way of the divorce proceedings. Section 25-315.A.1 explicitly states that any disposition or encumbrance of community assets during this time must be in the usual course of business or for necessities of life. Otherwise, the party is in violation of the injunction. Attorneys' fees and costs incurred in a bankruptcy proceeding are not in the usual course of business and do not qualify as a necessities of life. *See Little v. Superior Court of Maricopa County*, 180 Ariz. 328, 884 P.2d 214 (Ct. App. 1994) (holding that necessities of life include such things as "food, clothing, shelter, medical care and transportation," and not attorneys' fees and costs). Further, the reference to attorneys' fees and costs in section 25-

2

315.A.1 refers to fees and costs associated with the divorce action only, and not simply any attorneys' fees and costs that might arise while the divorce proceedings are pending.

The additional question as to whether the corvette was in fact community property is a question that will be addressed at a later time, either by this Court in connection with these bankruptcy proceedings or by the state court in the dissolution proceedings. As a matter of note, however, simply because the car was titled in Debtor Larry Bjurlin's name solely at the time the lien was granted does not make it his separate property as a matter of law. *Wallace Imports, Inc. V. Howe*, 138 Ariz. 217, 224, 673 P.2d 961, 968 (App. 1983) (holding that title creates presumption of ownership that can be rebutted).

Therefore, for the foregoing reasons, the Court finds that the attorneys' fees and costs sought in the amount of $49,241.10 are reasonable under 11 U.S.C. section 329. However, neither the $5,000 retainer nor the lien in the corvette can be used to pay any fees at this point in time. Counsel shall continue holding the $5,000 retainer in its trust account and shall not foreclose its lien interest in the car. Further, any fees incurred post-appointment of the Trustee in this case shall not be paid from the Estate as an administrative expense. At this point in time, counsel's fees may only be paid from Debtor's postpetition earnings.

So ordered.

DATED: Jan 3, 2006

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing facsimilied and/or mailed this ___ day of December, 2005, to:

3

| | |
|---|---|
| 1 | |
| 2 | Carolyn J. Johnsen<br>Danelle G. Kelling |
| 3 | Jennings, Strouss & Salmon, P.L.C. |
| 4 | 201 E. Washington Street, 11th Floor<br>Phoenix, Arizona 85004-2385 |
| 5 | Attorneys for Serena Bjurlin |
| 6 | |
| 7 | D. Lamar Hawkins<br>Hebert Schenk P.C. |
| 8 | 4742 N. 24th Street, Suite 100<br>Phoenix, Arizona 85016 |
| 9 | Attorneys for Debtors |
| 10 | Richard J. Cuellar |
| 11 | Office of U.S. Trustee<br>230 N. First Avenue, Suite 204 |
| 12 | Phoenix, Arizona 85003-1706 |
| 13 | Brian Mullen |
| 14 | P.O. Box 32247<br>Phoenix, Arizona 85064 |
| 15 | Chapter 11 Trustee |
| 16 | Alan A. Meda |
| 17 | Stinson Morrison Hecker LLP<br>1850 N. Central Ave., Suite 2100 |
| 18 | Phoenix, Arizona 85004-4584<br>Attorneys for Chapter 11 Trustee |
| 19 | /s/ signature |
| 20 | |

4